## PRINCIPAL AND AGENT—EXPRESS COMPANIES—EVIDENCE —WAIVER.

[Hamilton (1st) Circuit Court, February 11, 1905.]

Jelke, Swing and Giffen, JJ.

ADAMS EXPRESS CO. v. W. M. GORDON.

1. CHARGE THAT FAILURE TO DEMAND ORIGINAL RECEIPT WAIVED CONDITION, ERROR.
   In a suit to recover from an express company for money lost in transit, it is error to charge the jury that failure on the part of the company to demand the original receipt was a waiver of that condition, where no waiver had been pleaded.

2. REASONABLENESS OF RULE REQUIRING PRODUCTION OF ORIGINAL RECEIPT IS FOR THE JURY.
   The reasonableness of a rule of an express company requiring that, in case of a claim being made for a package lost in transit, the original receipt must be produced within thirty days annexed to the notice of loss, is one for the jury to determine under all the circumstances of the case and proper instructions by the court.

ERROR to Hamilton common pleas court.

**J. R. Schindel** and **Maxwell & Ramsey,** for plaintiff in error:

The undisputed facts in this case establish that an agency existed for the receipt of express packages and the delivery to such agent discharged the carrier. *Beattie* v. *Railway,* 90 N. Y. 643; *Tennessee River Transp. Co.* v. *Kavanaugh,* 101 Ala. 1 [13 So. Rep. 283]; *Barnett* v. *Gluting,* 3 Ind. App. 415 [29 N. E. Rep. 154]; *Angle* v. *Railway,* 9 Iowa 487.

Validity of stipulation that claim should be presented within a certain time. *Southern Exp. Co.* v. *Hunnicutt,* 54 Miss. 566 [28 Am.

Hamilton County.

Rep. 385]; *United States Exp. Co.* v. *Harris,* 51 Ind. 127; *Southern Exp. Co.* v. *Caldwell,* 88 U. S. (21 Wall.) 264 [22 L. Ed. 556]; *Sullivan* v. *Thompson,* 99 Mass. 259.

Evidence of what occurred in former similar transaction is admissible to prove condition or knowledge, intent or motive, but not negligence; and for the former purposes only after instruction by the court as to the limit of admissibility. *Circleville* (*City*) v. *Sohn,* 11 Circ. Dec. 193 (20 R. 368); *Brewing Co.* v. *Bauer,* 50 Ohio St. 560 [35 N. E. Rep. 55; 40 Am. St. Rep. 686]. See also, *Ragsdale* v. *Railway,* 69 S. C. 429 [48 S. E. Rep. 466].

It is erroneous to give instructions to juries based on a state of facts which there is no evidence tending to prove. Blashfields, Instruc. to Juries Sec. 86; *Locke* v. *Express, Wagon & Sleigh Co.* 71 Mich. 263, 266 [39 N. W. Rep. 54]; *Farlow* v. *Camp Point* (*Town*), 186 Ill. 256 [57 N. E. Rep. 781]; *Slingerland* v. *Keyser,* 127 Mich. 7 [86 N. W. Rep. 390]; *Donald* v. *State,* 11 Circ. Dec. 483 (21 R. 124).

Upon the question of waiver. *Iron Mountain Bank* v. *Armtsrong,* 62 Mo. 70; *Frederick* v. *Kinzer,* 17 Neb. 366 [22 N. W. Rep. 770].

**E. M. Ballard,** for defendant in error.

## GIFFEN, J.

This action was commenced to recover the value of a package containing $103 in money delivered to the express company at Chicago, Illinois, to be carried to Cincinnati and delivered to W. G. Howard.

The express company denies that it did not deliver the same, or that it was wholly lost to the plaintiff; and, as a second defense, pleads an agreement that it should in no event be liable for the loss of said money unless claim therefor should be made in writing at its office in Chicago within thirty days from the date of this agreement in a statement to which said agreement should be annexed.

Plaintiff by reply avers that he notified the company in writing of the loss of said money within the thirty days, but does not deny the averment that said agreement was not annexed to the notice. It must be taken as true, therefore, that the agreement containing the condition was not annexed to the notice of claim when made.

The court charged the jury that the failure to demand the original receipt would be a waiver on the part of the express company. We think this was error for the reason that no waiver was pleaded. *Eureka Fire & Mar. Ins. Co.* v. *Baldwin,* 62 Ohio St. 368 [57 N. E. Rep. 57].

This or like conditions in contracts with express companies has frequently been before the courts of other states, and its reasonableness doubted. But no such question was raised in this case, and if pre-

Express Co. v. Gordon.

sented would be one for the jury to determine under all the circumstances and under proper instructions from the court.

The evidence shows that the package was received by a young lady in the office of Mr. Howard; that she had been accustomed to receive, without objection from Mr. Howard, deadhead packages containing rate sheets and other papers of no intrinsic value; but there is no testimony tending to prove that she had any actual or implied authority to receipt for packages of value. There was no error in admitting testimony concerning the refusal of this company to deliver a like package to one other than the consignee at a different time and in a different office, for the reason that the court limited it to the proof of a course of dealing between the parties.

That part of the charge on pages 32 and 33 of the bill of exceptions, where the court speaks of the company being misled by the habit or custom, is most favorable to the express company, and could not have been prejudicial.

For error in charging the jury that the failure to demand the original receipt would be a waiver when none was pleaded, the judgment will be reversed and cause remanded for new trial.

**Jelke** and **Swing, JJ.**, concur.